UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN MILLER JOHNSON,

    Plaintiff,

    v.                                                     Case No. 24-cv-496-bhl

SHANA TIMS, et al.,

    Defendants.

---

## ORDER

---

    Plaintiff Steven Johnson, who is currently serving a state prison sentence at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Johnson's motion for leave to proceed without prepayment of the filing fee and motion to amend/correct the complaint. Dkt. Nos. 2 & 7.

    On April 24, 2024, Johnson filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Dkt. No. 2. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Johnson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $41.00. Therefore, the Court will grant Johnson's motion for leave to proceed without prepayment of the filing fee.

    On June 10, 2024, Johnson filed a motion to amend/correct the complaint. Dkt. No. 7. Johnson did not attach a Proposed Amended Complaint, as required by Civil Local Rule 15(b), and instead explained that he would like to add a new defendant and new claims to the case through

his pending motion. Dkt. No. 7. Johnson cannot add new claims and defendants through a motion to amend/correct the complaint. *See* Civ. L. R. 15(a)-(b). Indeed, "any amendment to a pleading…must reproduce the entire pleading as amended" and "the proposed amended pleading must be filed as an attachment to the motion to amend." *Id*. Additionally, as the Seventh Circuit has explained, the amended pleading must also be complete in itself without reference to prior versions of the pleading. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). Because Johnson attempts to improperly raise new claims and defendants through a motion to amend/correct the complaint, the Court will deny his motion without prejudice. But given that the Court has not yet screened the original complaint, the Court will give Johnson **30 days from the date of this order** to submit an Amended Complaint that complies with this order and contains all of the facts, claims, and defendants he wishes to proceed on through this lawsuit.

The Court will enclose a guide for *pro se* prisoners that explains how to file an Amended Complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Johnson to use that form to file his Amended Complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Johnson files an Amended Complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Johnson does not file an Amended Complaint, the Court will screen the original complaint.

**IT IS THEREFORE ORDERED** that Johnson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Johnson's motion for leave to file an amended complaint (Dkt. No. 7) is **DENIED without prejudice**.

2

**IT IS FURTHER ORDERED** that Johnson may file an Amended Complaint that complies with the instructions in this order **within 30 days of this order**. If Johnson files an Amended Complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Johnson does not file an Amended Complaint, the Court will screen the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Johnson a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Johnson shall collect from his institution trust account the **$309.00** balance of the filing fee by collecting monthly payments from Johnson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Johnson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Johnson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Inmate Accounts, Milwaukee County Community Reintegration Center, 8885 S. 68th Street, Franklin, WI 53132.

Dated at Milwaukee, Wisconsin on June 14, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge