UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN MILLER JOHNSON,

        Plaintiff,

        v.                                Case No. 24-cv-496-bhl

SHANA TIMS, et al.,

        Defendants.

## ORDER SCREENING THE AMENDED COMPLAINT
## AND DISMISSING THE CASE

Plaintiff Steven Miller Johnson, who is currently in custody at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.  This matter comes before the Court for screening of Johnson's amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well

as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Johnson is an inmate at the Milwaukee County Community Reintegration Center. Dkt. No. 9. Defendants are Wisconsin Department of Corrections Probation Officer (PO) Shana Tims, Wisconsin Department of Corrections Division of Community Corrections (DCC) Regional Chief Nicole McDade, and Superintendent Chantell Jewell. *Id.*

Johnson is serving an 18-month probation sentence following an Illinois conviction for an OWI 4th offense. Although his conviction was in Illinois, Johnson is a resident of Milwaukee and has been serving his term of probation in Wisconsin under the Interstate Commission for Adult Offenders on Supervision (ICAOS). *Id.* at 3. The ICAOS in an interstate compact that governs the interstate transfer of supervision of persons serving a period of probation. *See Tobey v. Chibucos*, 890 F.3d 634, 640 n. 3 (7th Cir. 2018). Wisconsin and Illinois are both compacting parties under the ICAOS. *Id.* The compact provides a framework for the supervision of adult

offenders authorized to travel across state lines, "in such a manner as to enable each compacting state to track the location of offenders, transfer supervision authority in an orderly and efficient manner, and, when necessary, return offenders to their original jurisdictions." *See* Wis. Stat. § 304.16(1)(a). Among other things, the ICAOS creates an interstate commission "to establish uniform procedures to manage the movement between states of adults placed under community supervision and released to the community under the jurisdiction of courts, paroling authorities, or corrections or other criminal justice agencies and that will promulgate rules to achieve the purpose of this compact." *See* Wis. Stat. § 304.16(1)(b)(1.). All rules and bylaws promulgated by the interstate commission are binding upon the compacting states, *see* Wis. Stat. § 304.16(14)(b), and all compacting state laws conflicting with the ICAOS are superseded to the extent of a conflict, *see* Wis. Stat. § 304.16(14)(a)(2.).

The ICAOS requires receiving states to notify sending states of significant violations of conditions of supervision within thirty calendar days of discovery of the violation. *See* Rule 4.109(a). Once the sending state is so notified, it is required to respond to the violation report within ten business days. *See* Rule 4.109(c)(1). The response by the sending state informs the receiving state of what action they want the receiving state to take. *See* Rule 4.109(c)(2). While this process takes place, the ICAOS allows the receiving state to detain the parolee. *See* Rule 4.109–1. Following the notification process, if a parolee is subject to retaking for violations of conditions of supervision that may result a revocation, the parolee is entitled to a preliminary hearing near the place of the alleged violation. *See* Rule 5.108(a).

On November 29, 2023, apparently while serving his Illinois term of probation, Plaintiff was arrested in Wisconsin and taken into custody for an OWI 5th offense. Dkt. No. 9 at 3. Accordingly, a few days later, on December 4, 2023, Johnson was formally charged in Wisconsin state court with violating Wis. Stat. § 346.63(1)(a) (OWI 5th or 6th), Wis. Stat. § 343.44(1)(b) (Operating while revoked), & Wis. Stat. § 347.413(1) (tampering/failure to install ignition

3

Case 2:24-cv-00496-BHL    Filed 09/05/24    Page 3 of 7    Document 10

interlock devices).  *See State of Wisconsin v. Steven Miller Johnson*, WISCONSIN CIRCUIT COURT ACCESS,https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF005515&countyNo=40&index=0&mode=details (last visited Sep. 5, 2024).  A state court judge found probable cause to keep Johnson in custody pending resolution of the charges; and his Wisconsin state court criminal case is still open.  *See id*.  The following day, on December 5, 2023, Johnson gave a statement to PO Tims, who said she would "forward" his Wisconsin criminal charges to the Illinois Probation and Parole Office.  Dkt. No. 9 at 3-4.  Johnson never heard from PO Tims again.  *Id*. at 4.

On January 29, 2024, Plaintiff wrote to Regional Chief McDade explaining that the Illinois Probation and Parole Office still had not yet started the revocation process on his Illinois probation violation, as set forth in the ICAOS.  *Id*.  On February 19, 2024, Johnson had a "personal friend" call Regional Chief McDade to follow up on his request.  *Id*.  Regional Chief McDade told Johnson's friend that she would call back later in the week after reviewing Johnson's file, but she never did.  *Id*.

In March 2023, Johnson spoke with three different individuals at the Milwaukee County Community Reintegration Center about the Illinois Probation and Parole Office's failure to start the revocation process on his Illinois probation violation.  *Id*. at 4-5.  These individuals said that they would notify Superintendent Jewell about the circumstances, but Johnson never heard from Superintendent Jewell.  *Id*. at 5-6.  For relief, Johnson seeks a preliminary injunction and monetary damages.  *Id*. at 7.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

4

Johnson alleges that Defendants' detention of him violates Wis. Stat. §302.335(3), and thus denied him his Fourteenth Amendment due process rights. Dkt. No. 9 at 6. Johnson complains that, under the ICAOS, the receiving state (Wisconsin) was required to notify the sending state (Illinois) of significant probation violations within 30 days of discovery of the alleged violations. *Id.* at 4. Once the sending state (Illinois) was so notified, it was required to respond within 10 days. *Id.* at 5. Johnson states that Illinois did not timely respond, and Defendants were allegedly aware of this. *Id.* Based on these series of actions and inactions, Johnson contends that Defendants Tims, McDade and Jewell, all of whom work within the Wisconsin criminal justice system, violated his constitutional rights by continuing to detain him in Wisconsin. *Id.*

Johnson's complaint will be dismissed because he does not plausibly allege a violation of any federal right and, indeed, he appears to misunderstand his custody status. As an initial matter, Johnson's theory is premised on Defendants' alleged failure to comply with Wis. Stat. §302.335(3), a Wisconsin statute governing the revocation of probation and supervised release. However, as described above, the terms of the ICAOS supersede any conflicting state law, *see* Wis. Stat. §304.16(14)(a)(2), so Johnson does not have any claims, state or federal, based on any alleged violations of Wis. Stat. §302.335(3). *See Washington v. Neal*, No. 11-CV-705-JPS, 2012 WL 1410029, at *4 (E.D. Wis. Apr. 23, 2012) ("Because the ICAOS supersedes any conflicting state law, the plaintiff does not state a claim based on violation of Wis. Stat. § 302.335.").

Further, Johnson is now in custody in Wisconsin, not for violating the terms of his Illinois probation, but because he is alleged to have committed additional criminal violations of Wisconsin law. *See* Milwaukee County Case No. 23CF5515. Online records confirm that a state court judge found probable cause to keep him in custody pending resolution of these latest criminal charges. *See CCAP, supra.* That the same conduct underlying these charges also violated the terms of his Illinois probation sentence and thus could be the basis for Illinois revocation proceedings does not mean that his current detention on additional pending charges in Wisconsin is improper.

To the extent, Johnson is upset that the Illinois Probation and Parole Office has not yet responded to the notification of his Illinois probation violation (or alternatively has chosen not to invoke the revocation process at all), the Illinois officials' failure to act cannot be the basis for any claims against the Defendants Johnson names here, all of whom are employees within the Wisconsin criminal justice system. Defendants have no personal involvement in decisions made by Illinois state officials and without personal involvement, they cannot be held liable under Section 1983. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Moreover, compliance with the ICAOS is a matter of state law, *see Tobey*, 890 at 651, and violations of state law cannot form the basis for Section 1983 liability, *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003).

To the extent Johnson seeks release from custody, the appropriate vehicle to raise such a claim is a writ of habeas corpus under Section 2254, after exhaustion of state remedies, not a lawsuit under Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003). And, to the extent Johnson is unhappy with the decision to charge him with a violation of Wisconsin state law (rather than charging with a violation of his Illinois probation), all of the individuals responsible for that decision would be entitled to absolute immunity for that quasi-judicial function. *See Tobey*, 890 F.3d at 650-51 (noting that both parole agents and district attorneys are entitled to absolute immunity for decisions related to initiating criminal or parole charges). Because no amendment can overcome the bars posed by *Preiser* and the doctrine of absolute immunity, an opportunity to amend the complaint would be futile. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Therefore, the Court will dismiss this case.

6

## CONCLUSION

**IT IS HEREBY ORDERED** that this case is **DISMISSED** based on *Preiser v. Rodriguez*

and the doctrine of absolute immunity.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 5, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.