UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN MILLER JOHNSON,

        Plaintiff,

        v.                                           Case No. 24-cv-496-bhl

SHANA TIMS, et al.,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT THE JUDGMENT**

---

On September 5, 2024, the Court dismissed this case because Defendants, who were employees of the state of Wisconsin, had no personal involvement in any aspect of Plaintiff Steven Johnson's Illinois probation proceedings. Dkt. No. 10. The Court noted that Johnson was currently in Wisconsin state custody because a Wisconsin state court judge found probable cause to hold him on violations of Wisconsin criminal law—not because he also possibly violated the terms of his Illinois probation.[1] *Id*. The Court further explained that all individuals who were involved in either deciding to charge Johnson with a Wisconsin crime or in deciding not to charge him with an Illinois probation violation were also entitled to absolute prosecutorial immunity. *Tobey v. Chibucos*, 890 F.3d 634, 650-51 (7th Cir. 2018).

On September 18, 2024, Johnson filed a motion to amend/correct the judgment under Federal Rule of Civil Procedure 59(e) reiterating his grievance that Defendants kept him in custody in Wisconsin despite Illinois choosing not to revoke his Illinois probation. Dkt. No. 12. Johnson states that Defendants were required to release him immediately when Illinois chose not to pursue

---

[1] *See also State of Wisconsin v. Steven Miller Johnson*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF005515&countyNo=40&index=0&mode=details (last visited Nov. 18, 2024).

probation violation charges. *Id*. But, as explained in the prior order, Johnson's explanation of the law is incorrect. Dkt. No. 10. The State of Wisconsin is entitled to keep Johnson in Wisconsin state custody for violations of Wisconsin criminal laws. Toward that end, a Wisconsin state court judge timely held a due process hearing after he was arrested and found probable cause to hold him. The fact that Illinois decided not to charge him with an Illinois probation violation does not mean that he did not separately violate Wisconsin criminal laws.

Johnson also argues that the terms of the Interstate Commission for Adult Offenders on Supervision (ICAOS) "supersede" any state laws, so when Illinois chose not to revoke his probation, Wisconsin could not separately charge him with a Wisconsin crime. But that too is wrong. The ICAOS does not provide that one state's substantive laws are dispositive of another state's substantive laws. Instead, it provides that ICAOS *procedures* supersede state law *procedures*. *See* Wis. Stat. § 304.16(1)(b)(1.) (The ICAOS creates an interstate commission "to establish uniform *procedures* to manage the movement between states of adults placed under community supervision and released to the community under the jurisdiction of courts, paroling authorities, or corrections or other criminal justice agencies and that will promulgate rules to achieve the purpose of this compact."). Johnson notes that he was given "a pre-trial bond with court conditions" in his Wisconsin state court criminal case, yet he is still in custody. But the appropriate vehicle to secure release from custody is a writ of habeas corpus under Section 2254, and, even then, only after exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003). Johnson's Section 1983 lawsuit is not the right procedure.

Because Johnson has not identified any manifest error of law or fact in the prior order, the Court will deny the motion to amend/correct the judgment. *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008) ("Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.").

**IT IS THEREFORE ORDERED** that Johnson's motion to amend/correct the judgment (Dkt. No. 12) is **DENIED**.

Dated at Milwaukee, Wisconsin on November 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge