STEVEN MILLER JOHNSON,

        Plaintiff,

        v.                             Case No. 24-cv-0496-bhl

SHANA TIMS,
NICOLE MCDADE, and
CHANTELL JEWELL,

        Defendants.

## DECISION AND ORDER

        Plaintiff Steven Miller Johnson is representing himself in this 42 U.S.C. §1983 action. On September 5, 2024, the Court screened the amended complaint and, after concluding it failed to state a claim on which relief could be granted, dismissed the case. Johnson appealed, and on October 27, 2025, the appellate court vacated the judgement and remanded the case for further proceedings. Dkt. No. 25. On November 26, 2025, the Court issued a revised screening order, consistent with the Seventh Circuit's instructions, confirming that Johnson would be allowed to proceed on Fourth and Fourteenth Amendment claims against Defendants Shana Tims, Nicole McDade, and Chantell Jewell based on allegations that he was held on a probation hold without a preliminary hearing even though a trial court had ordered him released on a signature bond five days after his arrest on new charges. The Court also acknowledged that Johnson has since been convicted of the underlying criminal charges and was awarded 423 days of sentence credit, which might defeat any claim for damages based on the time he spent in custody on the probation hold. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (explaining that "a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence"). Given these subsequent developments, the Court invited Defendants to raise the issue in a motion to dismiss if publicly available court records confirmed Johnson had not been damaged.

        Following the Court's order, McDade and Tims filed an answer to the amended complaint. A few days later, Jewell filed a motion to dismiss, citing publicly available court records showing that Johnson was convicted of the offense for which he was being held and that he received credit

on that sentence for each day that he was held in custody beyond when bail was granted. Dkt. No. 41 at 2.[1] As noted in the screening order, these facts appear to preclude any claim for damages.

On March 5, 2026, the Clerk received a motion from Johnson asking for leave to file a new, second amended complaint. Dkt. No. 48. While a plaintiff is entitled procedurally to request leave to amend in response to a motion to dismiss, *see* Fed. R. Civ. P. 15(a)(2), Johnson's motion arrived nearly two weeks after his response deadline. The proposed pleading is in fact dated much earlier, on February 17, 2026, however, and the envelope in which the filing was mailed is postmarked February 18, 2026. Accordingly, in light of the prison mailbox rule, the Court concludes that Johnson's second amended complaint was timely filed in response to Jewell's motion to dismiss.

The Court will grant Johnson's motion for leave to file a second amended complaint and will docket the proposed second amended complaint as the operative complaint in this matter. The next effect of this is that the pending motion to dismiss is now moot. The Court will now proceed to screen the second amended complaint, as required by 28 U.S.C. §1915. In doing so, the Court will consider the publicly available court records that Jewell attached in support of her motion to dismiss. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017).

### SCREENING OF THE SECOND AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

---

[1] On March 18, 2026, McDade and Tims filed a motion to join Jewell's motion to dismiss. Dkt. No. 49.

According to Johnson, he was on probation in Illinois following an OWI 4th offense conviction. On November 29, 2023, Johnson was lawfully living in Wisconsin, at which time he was arrested and charged with an OWI 5th offense. Publicly available court records show that, on December 4, 2023, Johnson was granted release on a signature bond pending trial on the new charges; however, he remained in custody at the Milwaukee County Community Reintegration Center (the Center). According to Johnson, the next day, he spoke to Tims, his probation agent, who stated that she would forward the pending violations to Illinois Probation & Parole for their input regarding revocation proceedings. Johnson asserts that he did not hear from Tims again until March 2024.

Meanwhile, on January 29, 2024, Johnson sent a request to McDade, who he believed was the regional chief in Wisconsin, for reinstatement of his probation because no revocation proceedings had been brought as required by Wisconsin law. Johnson did not receive a response. Johnson asserts that on March 15, 2024, he asked Tims for an update, but she merely repeated what she had already told him. According to Johnson, Tims also informed him that he was on an "Administrator approved hold" based on a request made by Corrections Field Supervisor Craig Poset (Tims' supervisor) to Lance Wiersma (the Community Corrections Administrator). Johnson asserts that Wiersma agreed to keep him in custody without due process.

Johnson then began to raise his concerns with officers at the Center. Eventually, near the end of May 2025, Johnson was informed that Jewell, the Center Superintendent, stated that Johnson should remain in custody even though no revocation proceedings had been initiated and a judge had ordered that he be released on a signature bond pending trial.

Johnson asserts that on January 24, 2025, he was released on bail into pretrial supervision. According to Johnson, Wiersma instructed that he be subjected to home confinement with GPS monitoring. Johnson asserts that he remained on this status until October 7, 2025, at which time he was convicted. Johnson received a sentence credit of 423 days for the time he spent at the Center (from the time of his arrest until his release to home confinement). He explains that there was no hearing determining that home confinement was required, and he received no sentence credit for the time he spent on home confinement. *See* Dkt. Nos. 41, 41-1, 41-3, 48-1.

### THE COURT'S ANALYSIS

As a probationer held in custody, Johnson was entitled to a preliminary probable cause hearing on the alleged violation of probation. *See United States v. Sciuto*, 531 F.2d 842, 846 (7th

Cir. 1976). Johnson did not receive such a hearing, so he plausibly alleges that he suffered a constitutional deprivation. Nevertheless, Johnson fails to state a claim in connection with the time he spent in custody at the Center because the Seventh Circuit has explained that a plaintiff in a §1983 action may not recover damages for time spent in custody if that time was credited to a valid lawful sentence. *See Bridewell v. Eberle*, 730 F.3d 672, 677 (7th Cir. 2013).

Court records show that Johnson was tried, convicted, and sentenced in *Wisconsin v. Johnson*, Milwaukee County Case No. 2023CF005515, the criminal proceeding for the OWI 5th offense. Court records also show that, in that proceeding, Johnson was granted release on a signature bond on December 4, 2023. However, as Johnson explains, he was not immediately released. Instead, he remained in custody at the Center for an additional 417 days while Defendants allegedly sought input from Illinois officials regarding possible revocation proceedings. Johnson explains that those proceedings never occurred, but he was finally released on January 24, 2025. Finally, records show that when Johnson was sentenced, he received a sentence credit of 423 days, covering the time from his arrest until his release from the Center. As explained, the Seventh Circuit has made clear that a plaintiff cannot recover money damages for time improperly spent in custody if that time was later credited to a valid sentence. That is exactly what occurred here. Accordingly, Johnson fails to state a claim against Defendants in connection with the time he spent in custody at the Center.

This analysis does not resolve issues arising from Johnson's allegations that his rights were violated when Wiersma allegedly contacted the pretrial services agency and directed it to place Johnson on home confinement with GPS monitoring. According to the available court records, the judge had ordered only that Johnson maintain absolute sobriety, that he be monitored by portable breathalyzers and drug testing, that he be given a SCRAM bracelet to monitor his sobriety, and that he not drive. While development of the record may reveal otherwise, the available records indicate that the judge did *not* order home confinement or GPS monitoring. The Seventh Circuit has explained that the Fourth Amendment "establishes the standards and procedures governing pretrial detention in criminal cases." *Williams v. Dart*, 967 F.3d 625, 632 (7th Cir. 2020). Moreover, "[t]he procedure for pretrial detention, for imposing any 'extended restraint of liberty' before trial, is a decision by a neutral and detached magistrate rather than a law enforcement officer." *Id.* Accordingly, Johnson states a Fourth Amendment claim against Wiersma based on allegations that he directed the pretrial services agency to impose allegedly significant restraints on Johnson that had not been ordered by the judge. *See id.* at 632-33.

4

Johnson does not, however, state a claim against the remaining individual Defendants on this basis because he does not allege that any of them were personally involved. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (holding that §1983 requires that an individual be personally involved in the alleged constitutional violation). Nor does he state a claim against the Wisconsin Department of Corrections or the Center because neither of them are "persons" under §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

**IT IS THEREFORE ORDERED** that Johnson's motion for leave to file a second amended complaint (Dkt. No. 48) is **GRANTED**. The clerk's office is directed to docket the proposed second amended complaint (Dkt. No. 48-1) as the operative complaint in this action.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 40, 43, 49) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Johnson fails to state a claim against Shana Tims, Nicole McDade, Chantell Jewell, Craig Poset, the Wisconsin Department of Corrections, and the Milwaukee County Community Reintegration Center, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Johnson's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lance Wiersma.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Lance Wiersma shall file a responsive pleading to the second amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 24th day of March, 2026.

s/Brett H Ludwig
BRETT H. LUDWIG
United States District Judge

5